No. 2043.—WILLIAM A. BRITTON & Co., in liquidation, *v.* THE HEIRS OF JOHN F. SCOTT, deceased.

In a suit by the holder of mortgage notes against the succession, and the heirs, who, it is alleged have taken possession without settling up the estate, the record must show that the original maker of the notes is dead, and that the heirs are in possession of the property. In such a case, where citation has issued to the heirs, and judgment by default has been confirmed against them and appeal taken therefrom, the case will be remanded to the lower court to be proceeded with according to law.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas, *Hough*, J. *H. B. Shaw*, for plaintiffs and appellees, *Leach & Lewis*, for defendants and appellants.

HOWE, J. This action was instituted on two mortgage notes, executed by John F. Scott, one due February 18, 1862, the other due February 18, 1863.

The petitioners, among other averments, allege as follows:

"The said John F. Scott, has departed this life, and his succession was and is yet legally open in this parish; that he left surviving him three children who were his legal heirs, Amelia Scott, Louisa H. Scott and John G. Scott, who have accepted his succession and are now in possession thereof, and liable respectively for their virile portions of the debts of the said deceased."

They pray for "judgment against the succession of John F. Scott, deceased, as represented by his said legal heirs, and against said heirs respectively for their virile portions," and for the enforcement of the mortgage.

Amelia Scott (Mrs. Doniphan) was cited April 16, 1867; Louisa H. Scott (Mrs. Cuney) was cited April 19, 1867; John G. Scott was cited March 12, 1868.

They made no appearance and judgment by default was confirmed November 13, 1868. The judgment is "against the succession of John F. Scott, represented by Amelia Scott * * * Louisa H. Scott * * * and John G. Scott, children and heirs at law of said John F. Scott, deceased," and for a seizure and sale of the mortgaged property.

From this judgment the parties cited as above have appealed, and have pleaded in this court the prescription of five years.

The whole claim is plainly prescribed as to John G. Scott. As to the other parties cited the note falling due February 18, 1862, is prescribed.

William A. Britton & Co., in liquidation, v. The Heirs of John F. Scott, deceased.

The record does not show that John F. Scott is dead, nor that his succession was ever opened, nor that the parties cited ever accepted the succession or took possession of it.

Under such circumstances we think that in the interest of justice and regular practice the case should be remanded. It is therefore ordered that the judgment appealed from be avoided and reversed, and that the cause be remanded to be proceeded with according to law.